**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000042
20-JAN-2012
08:08 AM**

NO. CAAP-10-0000042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ANDREW K. KAOIHANA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1331)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Andrew Keone Kaoihana (**Kaoihana**) appeals from the Amended Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (**Circuit Court**) on October 14, 2010.[1]  On April 20, 2010, Kaoihana was convicted by jury verdict to one count of Burglary in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-811 (1993) (**Burglary**).[2]  After the September 3, 2010 entry of a Judgment of Conviction and Sentence, the Circuit Court filed an Amended Judgment of Conviction and Sentence on October 14, 2010,

_____

[1]    The Honorable Karen S.S. Ahn presided.

[2]    HRS § 708-811 (1993), Burglary in the second degree, provides:

> (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.
> (2) Burglary in the second degree is a class C felony.

sentencing Kaoihana to five years imprisonment on the Burglary count, with a mandatory minimum sentence of one year and eight months stemming from Kaoihana's repeat offender status.

Kaiohana raises two related points of error, contending that the Circuit Court erred by: (1) denying the motion to suppress/exclude all video surveillance images; and (2) allowing surveillance video footage and still photographs into evidence.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kaoihana's points of error as follows:

Kaoihana argues that his motion to suppress all video surveillance images was improperly denied because the State had failed to properly maintain and preserve the evidence of the video recording and because he was deprived of his due process right to have the evidence produced.

The Hawai'i Supreme Court has held:

> [W]here [an] exhibit was an object which was positively
> identified and where its unchanged condition was established
> by direct testimony or was not significant, the requirement
> of proof of a chain of custody has not been applied.

State v. Olivera, 57 Haw. 339, 344, 555 P.2d 1199, 1202 (1976).

The court explained:

> It is not necessary to negate all possibilities of tampering
> with an exhibit, it being sufficient to establish only that
> it is reasonably certain that no tampering took place, with
> any doubt going to the weight of the evidence.

Id. at 344-45, 555 P.2d at 1203; see also, e.g., State v. Wilson, No. 28478 at p. 23 (Haw. Apr. 14, 2009) (mem. op.)

Here, the Circuit Court held a hearing to determine the admissibility of the surveillance footage and still photographs. At that hearing, Toys N' Joys store manager Art Molina (**Molina**) gave testimony about the store's surveillance system and positively identified the copy of the surveillance footage as a true and accurate depiction of what was originally observed on the surveillance system on the date of the burglary. The

evidence adduced included, *inter alia*, that Molina and his brother Ricardo had set up the system and loaded the related software onto the store's computer. The system had multiple cameras connected to the computer, which was located in an area of the store where only authorized personnel were allowed. Molina was responsible for maintaining the system and checked it every other day, including checks to confirm the parts of the store recorded and the accuracy of the date and time stamps. Only Molina, Ricardo, and the store owner had access to the computer; they also were the only ones who had the computer's password.

Molina further testified concerning his review of the videos taken during the time of the burglary, the steps taken to ensure that the images would not be deleted or recorded over, and how he copied the material onto a CD, which was provided to the police, along with still shots copied and pasted by selecting particular times from the video. Kaoihana failed to show in cross-examination or by any other evidence that the videos on the CD were not true and accurate depictions of images from the date and time of the break-in or that the images had in any way been tampered with. The Circuit Court concluded that the State had laid a proper foundation for the video surveillance footage and therefore it would be admitted into evidence and any remaining issue regarding the surveillance "goes to weight." We reject Kaoihana's argument that the Circuit Court erred when it denied his motion to suppress due to possible tampering.

We also reject Kaoihana's argument that he was deprived of his due process right to have evidence produced. It appears that the police, and the defense, were initially unable to get a full viewable copy of the video surveillance footage, and instead received still pictures from the video, because a proprietary security software was used to make the record. The State made efforts to obtain a viewable copy of the video surveillance

footage for the defense, but because a proprietary security software was used to record the footage, there was difficulty in securing a copy that would be viewable on systems that lacked the specific software. In the first instance, the State received a data file containing the video and made a copy of it available to the defense. However, neither the State nor the defense was able to view the material without the proper software. Both the prosecutor and defense counsel were able to go to Toys N' Joys store on November 13, 2009 to view the footage on the Toys N' Joys computer system. A viewable copy of the video surveillance footage was eventually provided to the defense in January of 2010. Because the defense knew of the existence of the surveillance footage and was able to view the surveillance footage in November of 2009 at the Toys N' Joys store, nearly five months before trial, the defense did not suffer any prejudice resulting from the later production of a viewable copy of the footage. There is no indication or argument that the State intentionally withheld the footage. The State did not accrue any benefit from the delay and Kaoihana has not argued or demonstrated any prejudice resulting from the delay. Kaoihana's due process rights were not violated by the delay in the production of the viewable video.

Kaiohana also cites Hawaiʻi Rules of Evidence (**HRE**) Rules 901, 1002, 1003, and 1004, apparently contending that a duplicate of the original video on the Toys N' Joys store computer should not have been admitted. However, we conclude that the Circuit Court did not err in accepting Molina's authenticating and identifying testimony. Sufficient foundation was established for the surveillance video images at the HRE 104 hearing, and no genuine question was raised as to the authenticity of the original images. See HRE 1003 (allowing duplicates to be admissible "to the same extent as an original unless (1) a genuine question is raised as to the authenticity of

the original, or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original").

For these reasons, the Circuit Court's October 14, 2010 Amended Judgment of Conviction and Sentence is affirmed.

DATED: Honolulu, Hawaiʻi, January 20, 2012.

On the briefs:

Richard D. Gronna
for Defendant-Appellant

James M. Anderson
Deputy Prosecuting Attorney
Attorney for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge